FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 0 4 2005

DAVID J. MALAND, CLERK
BY
DEPUTY

**United States District Court**
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MARY E. GARCIE | § § | |
| V. | § § | CASE NO. 5:04cv96 (Judge Folsom/Judge Bush) |
| Commissioner of Social Security Administration | § § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits and Supplemental Security Income. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

### HISTORY OF THE CASE

Plaintiff originally filed an application for Disability Insurance Benefits and Supplemental Security Income on October 3, 2001, alleging inability to work since March 9, 2001 due to seizures, an anxiety disorder, breathing problems, back pain, and bipolar disorder. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"). After holding a hearing on October 23, 2003, the ALJ issued an unfavorable decision on January 27, 2004. Plaintiff subsequently requested that the Appeals Council conduct a review. The Appeals Council denied Plaintiff's request on April 2, 2004. Therefore, the decision of the ALJ became the final decision of the

Commissioner. Plaintiff now seeks judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

Plaintiff was born on September 7, 1957 and was 57 years old at the time of the ALJ hearing. She has a high school education. According to the ALJ, Plaintiff related the following history:

> The claimant alleges that she became disabled on March 19, 2001 due to seizures, anxiety disorder, breathing problems, back pain, and bipolar disorder. She testified that she continues to be unable to work at any exertional level due to her symptoms.
>
> The medical evidence shows that claimant has a long history of drug and alcohol addiction and associated complications. As noted in a report from Charles T. Morrow, M.D. dated March 5, 2002, the claimant has 25 years of alcohol abuse with over 100 blackouts and recurrent DT's and has not responded to 6 hospitalizations for detoxifications. Dr. Morrow notes that the longest period of abstinence from alcohol has been 38 days. Dr. Morrow also noted drug abuse, including Phenobarbital, marijuana, cocaine, and uppers and downers. Dr. Morrow noted that the claimant suffered flashbacks, hallucinations, and tremors, and that memory and cognitive difficulties and forgetfulness were uniform when she is drinking. Dr. Morrow concluded that the claimant's alcohol and drug abuse has compromised her ability to function in the skilled category of bookkeeping, which off of alcohol, she was totally competent of. He further determined that the claimant suffered from depression with paranoid schizophrenia outbursts following prolonged excessive use of alcohol and cocaine (Exhibit 4-F).
>
> The claimant's treating physician reported on September 8, 2003 that the longest period the claimant had been sober since he began treating her was 74 days. He reported that the claimant had a poor ability in most work related areas of mental functioning.
>
> The medical record shows continued drug and alcohol abuse. As noted above, the claimant has had numerous hospitalizations for detoxification and injuries resulting from acute substance abuse. Nearly all treatment notes give a primary diagnosis of drug and alcohol dependence, or substance induced difficulties.

> The claimant was evaluated by Monte Goen, M.D. at Terrell State Hospital on April 28, 2003. The claimant denied having any psychotic symptoms when she was not intoxicated. Dr. Goen determined that, because of this, and her excellent appetite, good sleep, good energy, and no evidence of any observed manic of psychotic behavior, no treatment at that facility was necessary. A drug screen performed at that time was positive for benzodiazepines and cannabis. Dr. Goen further noted that the claimant's history of seizures appeared to be a totally drug intoxication and withdrawal related phenomenon. Dr. Goen also stopped the medication Seroquel, an anti-psychotic medication, because there was no clinical evidence to indicate the need for this medicine (Exhibit 12-F).

(T.R. 13-14).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation.

The ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on March 9, 2001, the date the claimant stated she became unable to work, and continues to meet them through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The medical evidence establishes that the claimant has severe drug and alcohol addiction, substance induced mood disorders and psychosis, chronic pulmonary disease, and degenerative disc disease, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's subjective allegations are not borne out by the overall record and are found not to be fully credible.

5. When considering all of the claimant's impairments, including drug and alcohol addiction, the claimant has marked limitation in maintaining attention and concentration and understanding

      remembering and carrying out even simple job instructions.

6. The claimant is unable to perform past relevant work.

7. The claimant is 46 years old, which is defined as a younger individual (20 C.F.R. 404.1563 and 416.963).

8. The claimant has a high school education (20 C.F.R. §§ 404.1564 and 416.964).

9. The claimant does not have any acquired work skills which are transferable to the skilled or semiskilled work activities of other work (20 C.F.R. §§ 404.1568 and 416.968).

10. Vocational expert testimony establishes that, considering the claimant's vocational profile and residual functional capacity (with limitations from drug and alcohol addiction included), the claimant cannot perform any past work or any other jobs that exist in significant numbers in the local, regional, or national economy.

11. The claimant is under a "disability," as defined in the Social Security Act.

12. When limitations related to the claimant's ongoing drug and alcohol abuse are not considered, she retains the residual functional capacity to perform unskilled light work, with only superficial interpersonal contact, and no pulmonary irritants.

13. Vocational expert testimony establishes that jobs do exist in the national economy which the claimant could be expected to perform, considering her age, education, past work experience and residual functional capacity. Examples include Garment Folder and Counter Clerk.

14. The claimant's alcohol and drug dependence is a contributing factor material to the finding of disability. Therefore, in accordance with Section 105 of Public Law 104-121, the claimant is ineligible for a period of disability, disability insurance benefits or supplemental security income under Title II or Title XVI of the Act.

15. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

(TR 18-19).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings, *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1983), and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Smith v. Schweiker*, 646 F.2d 1075 (5th Cir. 1981); *see* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Chaney v. Califano*, 588 F.2d 958, 959, (5th Cir. 1979), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

To establish disability, Plaintiff must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. Plaintiff must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382(a)(3).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987).

First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff raises the following issues for appeal: 1) whether there is substantial evidence to support the Commissioner's decision that Plaintiff's subjective allegations are not borne out by the overall record and are found not to be totally credible; 2) whether there is substantial evidence to support the Commissioner's decision that Plaintiff retains the residual functional capacity for light unskilled work; 3) whether there is substantial evidence to support the Commissioner's decision that jobs exist in the national economy which Plaintiff could perform; 4) whether substantial evidence supports the Commissioner's decision that Plaintiff's drug and alcohol dependence is a contributing factor material to the finding of disability; and 5) whether there is

substantial evidence to support the Commissioner's decision that Plaintiff was not under a "disability," as defined in the Social Security Act, at any time through the date of the ALJ's decision.

The ALJ found that Plaintiff's drug and alcohol abuse contributed to a finding of disabled, and that absent this abuse, she would have been able to work. The Fifth Circuit has held that the claimant "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to her disability." *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999). The ALJ found that Plaintiff's mental impairment based on drug and alcohol abuse caused significant functional limitations, resulting in Plaintiff being disabled when using drugs and alcohol. However, because her alcohol and drug abuse were contributing factors to her being considered disabled, Plaintiff could not be found "disabled" within the meaning of the Act. On March 29, 1996, Congress passed the Contract with America Advancement Act of 1996, Public Law 104-121, which revised §§ 223(d)(2), 1614(a)(3) of the Social Security Act. *See* Pub. L. No. 104-121, § 105, 110 Stat. 847, 852-855 (1996). In relevant part, Public Law 104-121 holds that an individual is not eligible for benefits if either drug addiction or alcoholism is a contributing factor material to a determination of disability. *Id.* In order to evaluate the effect of drug or alcohol addiction, the ALJ first determines which physical or mental limitations would remain if claimant refrained from drug or alcohol abuse. In the present case, the non-chemical limitations regarded her back, lungs and some depression/anxiety issues. The ALJ will next determine whether the limitations absent the drugs and alcohol would be disabling. *Rehder v. Apfel*, 205 F.3d 1056,

1060 (8th Cir. 2000). The ALJ determined that her non-chemical limitations did not prevent her from performing light unskilled work. Plaintiff "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to her disability." *Brown*, 192 F.3d at 498.

The record demonstrates that absent her drug and alcohol abuse, she would not be prevented from performing light unskilled work. For instance, Plaintiff lost her job not because of any mental impairment, but because of her alcohol abuse. Plaintiff acknowledged in her "Disability Report Adult" that she was laid off in March 2001 and told to "get help/get sober" (T.R. 91). A July 2001 Northeast Texas Mental Health and Mental Retardation (MHMR) Center eligibility evaluation demonstrated that Plaintiff lost her prior jobs not because of any mental impairment, but due to her alcohol abuse. Plaintiff admitted that her employer reported that she was "coming to work smelling like alcohol, [and] would drink a lot the night before. She then got another job, but lost it after her new boss accused her of coming to work drunk, but she denied being drunk" (Tr. 111). While she also reported sleep and appetite disturbance, MHMR believed it could be related to her substance abuse, and that her crying spells may have been due to her alcohol withdrawal. While telling this Court that her bipolar issue has been present since she was a child, the MHMR report notes that Plaintiff only began to report her depressed mood and anger since losing her jobs. Moreover, when providing her medical history, Plaintiff made no suggestion that she had been diagnosed with either depression, a bipolar disorder, or any other mental impairment. According to the July 2001 MHMR report, Plaintiff apparently had no interest of

stopping her drug and alcohol abuse. She reported that she drank enough alcohol the prior Saturday night to result in her either blacking out or experiencing delirium tremens (DT's), the symptoms of which include profound confusion, disorientation, hallucinations, hyperactivity, and extreme cardiovascular disturbances. Plaintiff also reported smoking marijuana the prior week.

At the psychiatric assessment conducted by John Ford, M.D., it was noted that Plaintiff lost her prior job due to her alcohol abuse, and there was no suggestion it was due to any depression or bipolar disorder. The mental status examination demonstrated that Plaintiff was oriented in all spheres, she exhibited no memory deficits, and denied any suicidal or homicidal ideations. She responded appropriately to abstract proverbs and "handled similarities and differences quite well." Plaintiff admitted that she could care for her personal needs, bathe, dress, clean and cook, and she could pay her monthly bills. Dr. Ford assessed no Axis I Disorder (demonstrating no clinical disorder), but did consider her to have a borderline personality disorder.

Dr. Ford believed that Plaintiff's condition might improve if she remained sober, and assessed her with a Global Assessment of Functioning (GAF) or 75. Such a high score belies Plaintiff's contention that she experiences a disabling mental impairment unrelated to her alcohol and drug addiction.

In March 2002, Plaintiff saw C.T. Marrow, M.D., who noted "predictably multiple sequelae from 25 years of alcohol abuse and lesser abuse of cocaine, marijuana and other drugs." Plaintiff admitted that her 25 years of alcohol and drug abuse have resulted in over 100 blackouts, and DT's when she does not drink alcohol

for more than 24 hours. Plaintiff reported that her longest period of abstinence was 38 days. While she was hospitalized fourteen years earlier with a diagnosis of schizophrenia and a bipolar disorder, "this occurred after she was withdrawing from cocaine." Dr. Marrow observed that until 2001 she demonstrated the ability to work in accounting and highly skilled activities. The most notable portion of Dr. Marrow's report was his conclusion that her "25 years of alcohol, cocaine, and lesser cocaine, marijuana, and phenobarbital use and abuse to the point of addiction have compromised her ability to function in the skilled category of bookkeeping *which off alcohol she is totally competent of*" (Tr. 132) (emphasis added).

Plaintiff also sought treatment at the Christus St. Michael Family Clinic. Plaintiff reportedly doing "fairly well" after getting out of "detox" (Tr. 149). Without alcohol she was alert and oriented and had a full affect with no delusions, hallucinations, or thought disorders, and her judgment and insight were normal, and her was memory intact. There was no suggestion that she experienced a bipolar disorder. In January 2002, this assessment was essentially repeated as she was "doing well in recovery" (Tr. 152). By May 2002, however, Plaintiff began having problems drinking again as her "AA sponsor [was] concerned that she is not able to stop and needs to go back into treatment again" (Tr. 154). It was suggested that Plaintiff seek "immediate help for her alcohol," and there was no suggestion she had a mental impairment (Tr. 154).

Plaintiff went to Living Hope Hospital in April 2003 with a several month history of abstinence from alcohol, but a one month history of methamphetamine and crack cocaine usage. She reported that she had recently broken up with her boyfriend which

left her upset, as well as being upset that he caused her to start using methamphetamine several months earlier. She admitted that she continued to use marijuana. By August 2003, she appeared to be "doing well" and there was "no evidence of depression, anxiety or agitation" (Tr. 185-186).

Plaintiff was referred to Terrell State Hospital in April 2003, but due to her ability to function well without abusing drugs or alcohol, she was refused treatment. The physician progress note described Plaintiff as an individual with a "20-year history of serious drug and alcohol abuse" and there was no diagnosis or suggestion that she experienced a bipolar or other depressive disorder. In addition to using cannabis, cocaine, methamphetamine, and "other drugs," Plaintiff also "deals drugs and is a regular dealer in marijuana. . . . [and] the only thing that makes her stop dealing drugs is the fear of being caught by the Drug Enforcement Agency or narcotics agents" (Tr. 234). While she apparently stopped using drugs in March 2003, "she went right back into using cannabis and benzodiazepines when she presented to a drug rehab program again at Living Hope in Texarkana" (Tr. 234).

While Plaintiff has characterized all of her problems as stemming from her childhood trauma of witnessing a murder/suicide, and not related to her alcohol and drug abuse, Plaintiff graduated from high school with apparently no need for treatment in her pre-teen and teenage years. After graduating from high school, she worked with her father as an accountant from 1980 to 1991, and for a storage company from 1995 to 2001. She apparently performed these jobs satisfactorily until she was fired in March 2001 due to her alcohol abuse. The medical records and her own

employment history repeatedly demonstrate that she does not have an independent mental problem outside the presence of alcohol and drugs.

Once Plaintiff was found to be disabled due to alcohol abuse, the ALJ then applied the second part of the analysis, making a determination of the extent, if any, to which Plaintiff would be limited in ability to work if she stopped using drugs and/or alcohol. See 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). As noted in the medical evidence referenced above, Plaintiff did not experience mental limitations outside of her drug and alcohol use that would prevent her from performing unskilled light work with only superficial interpersonal contact, and the avoidance of pulmonary irritants. Because Plaintiff would not be disabled in the absence of her alcohol-related limitations, alcoholism was a "material contributing factor" to her disability, which preempted any eligibility for disability benefits as a matter of law. See 42 U.S.C. §423(d)(2)(C), 20 C.F.R. § 404.1535(b)(2)(I), 416.935(b)(2)(I).

Dr. Ford observed that Plaintiff exhibited no memory deficits, she responded appropriately to abstract proverbs and "handled similarities and differences quite well," and she could care for her own personal needs such as cleaning, cooking, and paying her bills (T.R. 122-23). Dr. Ford opined that Plaintiff was experiencing no more than a slight disorder. Similarly, Dr. Marrow observed that until 2001, Plaintiff demonstrated the ability to work in accounting and highly skilled activities, and that absent her drug and alcohol abuse, she was "totally competent" to return to performing her highly skilled past job.

"The mere presence of some impairment is not disabling *per se*. Plaintiff must

show that she was so functionally impaired by her [impairment] that she was precluded from engaging in any substantial gainful activity." *Hames*, 707 F.2d at 165. The Court finds that the record is replete with medical evidence that demonstrates that the claimant's drug and alcohol addiction, if not a contributing factor, is the sole factor in her disability. Without drugs and alcohol, Plaintiff is not disabled.

### RECOMMENDATION

Pursuant to the foregoing, it is RECOMMENDED that the decision of the Administrative Law Judge should be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) *en banc*.

**SIGNED this 29th day of July, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE